IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Maurice Smith, Petitioner, vs. Gregory Knowlin, Respondent. | ) | Civil Action No. 9:10cv-1452-RMG-BM **ORDER** |

Plaintiff brought this action pursuant to 28 U.S.C. § 2254. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that this matter be dismissed without prejudice to allow Petitioner to exhaust his state court remedies. The Plaintiff has objected. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

A review of the Record shows that Petitioner has not exhausted his state court remedies, as the record reflects that Petitioner has a pending State Application for Post-Conviction Relief (APCR). *Smith v. State*, 2008-CP-21-1474. On June 10, 2009, the state PCR judge filed an order of dismissal in Petitioner's PCR case (which is dated April 30, 2009); *See* Court Docket No. 18-8 (2008-CP-21-1474); and Petitioner filed a *pro se* notice of appeal dated May 20103. *See* Court Docket No. 18-9, pp. 1-2. Respondent represents to the Court that there has been no ruling on this appeal, which Petitioner does not dispute. Indeed, in his briefing the Petitioner does not even respond to the argument that he has failed to exhaust his state remedies prior to filing this federal petition.

**Conclusion**

Based on the above, this Court dismisses the above-captioned action without prejudice to allow Petitioner to exhaust his state court remedies.

**Certificate of Appealability**

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 8, 2011
Charleston, South Carolina